**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Declements, | No. CV-20-00166-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Americana Holdings LLC, et al., | |
| Defendants. | |

Before the Court is Americana Arizona LLC's ("Americana") partial motion to dismiss Plaintiff's first amended complaint, which is fully briefed. (Docs. 16, 21, 25.) For the following reasons, the Court will deny Americana's motion.[1]

On January 21, 2020, Plaintiff filed a complaint bringing a claim based on alleged violations of the Telephone Consumer Protection Act ("TCPA") on behalf of himself and those similarly situated. (Doc. 1.) In the original complaint, Plaintiff asserted that he had received both a violative telephone call and a violative text message. (*Id.*) After learning that he had not, in fact, received an autodialed telephone call, Plaintiff amended his complaint to remove factual allegations concerning the telephone call. (Doc. 12.) On April 23, 2020, Americana filed a motion to dismiss, seeking to dismiss pursuant to Rule 12(b)(1) all allegations that pertain to "autodialed calls" and to strike and dismiss all class action

---

[1] Americana's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

allegations contained in the amended complaint. (Doc. 16.)

In its motion, Americana requests that the Court "dismiss all allegations in [Plaintiff's amended complaint] that pertain to '*autodialed calls*' for lack of subject matter jurisdiction," noting that Plaintiff has not alleged that he received any traditional voice calls from Americana by means of an automatic telephone dialing system ("ATDS") and arguing pursuant to Rule 12(b)(1) that he therefore lacks standing to bring claims regarding "autodialed calls." (Doc. 16 at 1) (emphasis added.) The TCPA makes it unlawful "to make any call" using ("ATDS"). 47 U.S.C. § 227(b)(1)(A). The term "call" refers not solely to traditional voice calls; it is an umbrella term that encapsulates all efforts "to communicate with or to try to get into communication with a person by telephone." *Satterfield v. Simon & Schuster*, 569 F.3d 946, 954 (9th Cir. 2009). Although the TCPA does not explicitly refer to texts, as texting did not exist at the TCPA's enactment, the Ninth Circuit has concluded that text messages are a form of "call." *Id.* The Ninth Circuit has even suggested that "a voice message or a text message are not distinguishable," at least insofar as being an invasion of privacy. *Id.* The Court is loath to find that Plaintiff lacks standing to bring claims concerning autodialed calls when he alleges that he did receive a type of violative autodialed call, specifically a text.

In the same vein, Americana's motion also operates as a motion to strike pursuant to Rule 12(f). Particularly, Americana requests that the Court (1) strike portions of Plaintiff's complaint that relate to autodialed calls and (2) strike the class action allegations. Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, the Court generally disfavors Rule 12(f) motions. *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010); *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998, at *1 (D. Ariz. Aug. 4, 2009); *Wailua Associates v. Aetna Cas. And Sur. Co.*, 183 F.R.D. 550, 553-54 (D. Haw. 1998) ("Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation.").

Turning to the amended complaint, the Court is unpersuaded that the portions referring to "autodialed calls," such as sections explaining the capacity of different platforms to make "autodialed calls," "have no possible bearing upon the subject matter of the litigation." Americana has cited the Court to no authority conclusively demonstrating that the receipt of traditional phone calls is so distinct from the receipt of text messages under the TCPA that striking any language referring to calls, generally, in the amended complaint is warranted at this early stage. Americana has similarly failed to demonstrate how it would be prejudiced by a failure to so strike.

Next, turning to the class action issue, this case is not yet at the class certification stage. Comprehensive briefing of the issues surrounding the proposed class are not before the Court and it is premature to address the appropriateness of its scope. Although Americana may assert its objections to the proposed class in response to Plaintiff's forthcoming motion for class certification, Plaintiff has not filed the motion and Americana cannot circumvent that procedure. Consequently, the Court denies Americana's request that the Court strike all class action allegations or narrow the putative class' scope.

**IT IS ORDERED** that Americana's motion to dismiss (Doc. 16) is **DENIED**.

Dated this 29th day of June, 2020.

Douglas L. Rayes
United States District Judge