**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Declements, | No. CV-20-00166-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Americana Holdings LLC, et al., | |
| Defendants. | |

Before the Court is Defendant Mark Stark's motion to dismiss, which is fully briefed.[1] (Docs. 19, 24, 26.) Because Plaintiff's amended complaint fails to state a claim against Mr. Stark upon which relief can be granted, the Court will grant his motion.[2]

Plaintiff's amended complaint brings a claim for violation of the Telephone Consumer Protection Act ("TCPA") against Mr. Stark, CEO of Defendant Americana Arizona LLC ("Americana"), based on his receipt of one allegedly violative text message. (Doc. 12.) Plaintiff generally asserts that Mr. Stark violated the TCPA by "direct[ing], apparently authoriz[ing], ratif[ying], and/or negligently supervis[ing Americana] real estate agents'" violations of the TCPA.[3] (*Id.* at 3.) To factually support this conclusion,

---

[1] Mr. Stark's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] The Court finds that the amended complaint pleads sufficient facts to establish specific personal jurisdiction over Mr. Stark. Plaintiff's request for jurisdictional discovery is therefore denied.

[3] Plaintiff has cited the Court to no binding authority, and the Court has found none,

Plaintiff contends: (1) in online trainings and during interviews, Mr. Stark instructed agents to pursue homeowners with expired listings as clients; (2) Mr. Stark directed agents to contact Americana VP of sales, Rick Berube, to obtain information about the lead service available through TheRedx.com ("RedX"); and (3) during a training video, Mr. Berube recommended using an autodialer to place cold calls to consumers with expired listings. (*Id.* at 9-11.)  Notably, none of these facts support the allegation that Mr. Stark directed, authorized, or enabled any agent to engage in behavior that violates the TCPA.

First, the TCPA does not prohibit agents from cold calling homeowners whose listings have expired or from subscribing to lead services.  Plaintiff has alleged only that Mr. Stark recommended to agents the RedX lead service, not its separate autodialer subscription service.  Furthermore, even if Mr. Stark had recommended the autodialer service, the TCPA does not prohibit the mere use of an autodialer.  Second, and relatedly, even assuming Mr. Berube's actions could be attributed to Mr. Stark, Plaintiff has not shown that Mr. Stark can be held liable for TCPA violations because Plaintiff does not allege that Mr. Berube directed agents use an autodialer in any way that violates the TCPA. Dismissal of Plaintiff's TCPA claim against Mr. Stark is therefore appropriate.

Ordinarily, courts should not dismiss claims without allowing leave to amend. *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979 (9th Cir. 2000) (The Ninth Circuit has a "strong policy favoring leave to amend."). However, the Court has explained its procedure for requesting leave,[4] which Plaintiff has not followed.  Further, because Plaintiff has not identified or asserted that additional factual allegations exist that could save his claim against Mr. Stark, despite ample opportunity to do so in his response, the Court will dismiss the TCPA claim against Mr. Stark without leave to amend.

---

suggesting that Mr. Stark's personal liability arises solely from his managerial role. To the contrary, Plaintiff admits corporate actors may only be "liable for calls made by others . . . if they direct the TCPA violations at issue." (Doc. 24 at 6.)

[4] "[I]f Defendant files a motion under Rule 12(b)(6) [] notwithstanding Plaintiff's belief that further amendment of the complaint can cure the alleged defect(s), Plaintiff must submit, no later than the time Plaintiff files a response to the motion, a proposed amended complaint that complies with LRCiv 15.1(a) and contains all further allegations Plaintiff could make. In the event a motion to dismiss or for judgment on the pleadings is granted in any part, no leave to amend the complaint will be granted beyond what is offered in the proposed amended complaint." (*See* Doc. 6 at 2.)

1     **IT IS ORDERED** that Mr. Stark's motion to dismiss (Doc. 19) is **GRANTED**.

2     Dated this 23rd day of July, 2020.

                                                  Douglas L. Rayes
                                                  United States District Judge