**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Declements, | No. CV-20-00166-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Americana Holdings LLC, et al., | |
| Defendants. | |

At issue is Americana Arizona LLC's ("Americana Arizona") motion to stay this case pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511 (Jan. 9, 2020) ("*Facebook*"), which concerns the definition of an automatic telephone dialing system ("ATDS") and likely will be issued sometime during the Supreme Court's upcoming term. (Docs. 38, 41, 42.) In determining whether to grant a stay, the Court balances the (1) harm a stay would cause the non-moving party, (2) the harm the moving party would suffer in the absence of a stay, and (3) interests of judicial economy. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). On balance, the three stay factors favor a stay.[1]

First, a stay will not prejudice Plaintiff. Plaintiff's suit is based on receipt of a single message; he is no longer receiving automated texts and he seeks monetary damages, not

---

[1] Americana Arizona's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

injunctive relief. Although a stay might delay the receipt of monetary damages should Plaintiff ultimately succeed in this litigation, such a delay does not constitute an irreparable injury. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962). The Court is also unpersuaded by Plaintiff's contentions that a stay risks the loss of evidence. Plaintiff cites no evidence to support his concerns, Americana Arizona is aware of its preservation obligations, and Plaintiff may put third parties on notice to preserve evidence as well. *See Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (explaining that the defendant's awareness of its evidence- preservation obligations in conjunction with the fact that the stay would not be indefinite "underscores that there is little risk of harm in instituting a stay"). Further, the stay will be relatively brief. The Supreme Court is scheduled to hear oral argument in *Facebook* next week—on December 8, 2020—and is likely to issue a decision before the end of the upcoming term. Even in the absence of a stay, there is no guarantee that Plaintiff's claims would be resolved before the Supreme Court issues its decision.

Second, absent a stay, Americana Arizona will incur costs related to class certification briefing, completing discovery, briefing dispositive motions, and potentially preparing for trial, all while the Supreme Court considers an issue that could significantly narrow or even eliminate this case.

Lastly, a stay will promote judicial efficiency. Particularly, the "Supreme Court's resolution of *Facebook* has the potential to significantly narrow the issues involved in this case, including the scope of discovery as to [Plaintiff's] ATDS allegations and the scope of [Plaintiff's] class-certification request." *Canady*, 2020 WL 5249263, at *4. It is apparent that *Facebook* will be relevant and potentially dispositive of Plaintiff's claim, which involves the use of a device that did not use a random or sequential number generator. Staying this case at this juncture will also "avoid exhausting judicial resources to decide [substantive motions] which may prove fruitless." *Id.* Accordingly,

**IT IS ORDERED** that Defendant's motion to stay (Doc. 38) is **GRANTED**. This matter, including all remaining deadlines and hearings, is **STAYED** pending the Supreme

Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511 (Jan. 9, 2020). The parties shall jointly notify the Court in writing of the Supreme Court's decision within five days of its issuance.

**IT IS FURTHER ORDERED** that Plaintiff may move to lift the stay if the Supreme Court does not issue a decision by the end of the upcoming term.

Dated this 4th day of December, 2020.

Douglas L. Rayes
United States District Judge