**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel DeClements, | No. CV-20-00166-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Americana Holdings LLC, | |
| Defendants. | |

Pending before the Court is Defendant's motion for judgment on the pleadings (Doc. 52) and Plaintiff's motion to amend (Doc. 57). For the following reasons, the motion for judgment on the pleadings is granted, and leave to amend is denied.

**I. Background**

Plaintiff Daniel DeClements listed a property for sale but took it off the market before it sold. (Doc. 12 at 21.) One day later, he received a text message:

> Hey DANIEL, this is Steven with Berkshire Hathaway! I noticed your property on Axle Ave recently been taken off the market. I would like to interview with you for the job of getting it SOLD! When would be a good time for me to call and discuss this further with you?

(*Id.* at 22.) Plaintiff replied "Stop," and received the response, "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe." (*Id.*)

He then initiated this lawsuit on behalf of himself and a putative class. (Doc. 1 at 1, 25.) The operative complaint before the Court alleges that Defendants Americana Arizona, LLC d/b/a Berkshire Hathaway Homeservices Arizona Properties and Mark Stark,[1] CEO of Americana Arizona violated the Telephone Consumer Protection Act of 1991 ("TCPA") by sending the text message. (Doc. 12 at 26.)

Defendant moved for judgment on the pleadings. (Doc. 52.) Plaintiff moved for leave to amend the complaint. (Doc. 57.) Both motions are fully briefed.

**II. Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, a motion for judgment on the pleadings will be granted if the complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The TCPA prohibits using an autodialer to make calls "to any telephone number assigned to a . . . cellular telephone service" that would charge the recipient for the incoming call, among other restrictions. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021); *accord* 47 U.S.C. § 227(b)(1)(A). An autodialer is a device with the "capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id.* And "a text message is a 'call' within the meaning of the TCPA." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

---

[1] Mark Stark is no longer a party to this action. (Doc. 30.)

As Defendant argues, the complaint does not allege any facts showing that Plaintiff was texted as a result of an autodialer sequentially or randomly generating the digits of his phone number. (Doc. 12 at 21-23; Doc. 52 at 2.) The complaint merely states that Plaintiff "believes the text message was autodialed due to the unsolicited, commercial, and generic nature of the text message, and because replying "Stop" to [the message] results in an immediate automated response." (Doc. 12 at 22.) But the factual allegations do not support this conclusion. First, not all unsolicited and commercial texts are autodialed. *See, e.g. See Brickman v. Facebook, Inc.*, No. 16-CV-00751-WHO, 2021 WL 4198512, at *2 (N.D. Cal. Sept. 15, 2021) (determining that a text message was not autodialed even though the message was unsolicited and commercial). And merely receiving an automated response does not go to whether the digits of the phone number themselves were randomly or sequentially generated. Second, the text was targeted, not generic. Plaintiff received the text message "one day" after his property was taken off the market, and the message offered to help him sell that property. (Doc. 12 at 21-23.) It would be quite unusual for such a timely and relevant text message to appear by sheer stochasticity, and the Court declines to infer otherwise. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (explaining that courts need not make unreasonable inferences under *Iqbal* and *Twombly* pleading standards).

Plaintiff has not pled that he was texted using an autodialer. As such, his TCPA claim fails. And, because he cannot show an injury, he cannot serve as a class representative. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F3d 1018, 1022 (9th Cir. 2003).

**III. Motion for Leave to Amend**

Plaintiff seeks leave to amend the complaint to add that the text was sent using LionDesk software. (Doc. 57 at 5.) But Plaintiff's proposed amendment never asserts that LionDesk can randomly or sequentially generate the phone numbers themselves; instead, it would merely allege that LionDesk can "import lists of leads" and generate sequential numbers to determine the *order* in which those imported phone numbers are called. (Doc.

57-1 at 9-11, 26.) Thus, Plaintiff has not pled that LionDesk is an autodialer within the scope of the TCPA.

Plaintiff pushes back, citing *Facebook*, 141 S. Ct. at 1172 n.7 for the proposition that a device is an autodialer if it randomly or sequentially picks phone numbers from a "preproduced list," which he interprets to mean any list of phone numbers, including a list of established leads. (Doc. 57 at 2.) But several courts have held otherwise, noting that the Supreme Court cited to an amicus brief for its example of a "preproduced list," and that amicus brief example list included only phone numbers whose digits were sequentially generated. *See Brickman*, 2021 WL 4198512, at *3; *Tehrani v. Joie de Vivre Hosp., LLC*, No. 19-CV-08168-EMC, 2021 WL 3886043, at *6 (N.D. Cal. Aug. 31, 2021) (collecting cases). This Court agrees: an autodialer must randomly or sequentially generate the digits of a phone number, not merely determine the order by which phone numbers are picked from a list.

And this makes sense. As the Supreme Court emphasized, the TCPA "target[s] a unique type of telemarketing equipment that risks dialing emergency lines randomly or tying up all the sequentially numbered lines at a single entity." *Facebook*, 141 S. Ct. at 1171. "[I]t is unlikely that a preexisting customer database would contain an emergency number; similarly, it is unlikely that a customer database would pose a danger to tying up business with sequentially numbered phone lines." *Tehrani*, 2021 WL 3886043, at *5.

The proposed amendment fails to allege Plaintiff was texted using an autodialer, as required to sustain an autodialer claim under the TCPA. Plaintiff's proposed amendment is therefore futile, and leave to amend is denied. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).

**IV. Conclusion**

Plaintiff has not alleged that he received a text message that violates the TCPA's prohibitions. Therefore,

1    **IT IS ORDERED** that Defendant's motion for judgment on the pleadings (Doc.
2    52) is **GRANTED** and Plaintiff's motion for leave to amend is **DENIED**.  The Clerk of
3    the Court shall enter judgment accordingly and terminate this case.
4    Dated this 3rd day of November, 2021.

                                    _____
                                    Douglas L. Rayes
                                    United States District Judge